CRAWFORD V. CREAGH.

1 It is not error for a court to refuse to dismiss an action, because the indorsement on the writ does not show the title of a promissory note sued on, to be in the plaintiff.

2. If the county court direct a jury of by-standers to be summoned for the trial of a cause, and this course is not excepted to, the irregularity, if it is one, is no cause of reversal.

Writ of Error to the County Court of Washington County.

ACTION of assumpsit. The cause of action, indorsed on the writ, is stated to be a promissory note, payable to P. T. Harris or order; but no assignment of the note or any other matter is set out, to show any title to the note, in the plaintiff. At the return of the writ within the three first days of the term, the defendant entered in the rule book of the court this motion, "the said defendant moves the court to dismiss the said action, because the indorsement on the writ does not show any cause of action in the said plaintiff.

WM. CRAWFORD," for himself.

This motion was entered as before stated, at the return term, which was in July, 1838, and the plaintiff filed his declaration on the 24th day of October, 1838, in which he describes the note as having been indorsed to him by the payee. At the July term 1839, the court overruled the motion entered on the rule book, at July term 1838. The defendant then pleaded non assumpsit, and thereupon the court ordered a jury to be summoned from the by-standers, who were returned by the sheriff, according to that order. The jury thus organized, found a verdict for the plaintiff, on which judgment was rendered.

The errors assigned are—

1. That the county court erred in overruling the motion to dismiss the action.

2. In ordering a jury to be summoned from the by-standers.

CRAWFORD, *pro se*, submitted a written argument, in which he endeavors to sustain both assignments of error, and cites us to

the 1st point, Howell v. Hallett, Minor 102; Tankersly v. Richardson, 2 Stew. 130; Aikin's Digest 278, S. 12.   2d point Aikin's Digest 298, S. 24; Ib. S. 26, and the titles of these acts.

LYON, contra—cited Johnson v. Perry, 4 S. & P. 45.

GOLDTHWAITE, J.—1. The cases of Johnson v. Perry, 4 S. & P. 45; Wharton v. Franks, 9 Porter, 233; and Maverick v. Duffee, supra, are decisions of this court, on the same principle that is involved in the first assignment of error, and would be conclusive against it, even if the motion, which was entered on the rule book of the circuit court, had been made at *that time to the court* and *then* overruled.

2. The second assignment has been argued with great force, and the peculiar organization of the county court, has been very fully investigated, to show that it does not possess the power to summon a jury of by-standers.   If this conclusion was arrived at, the cause of the plaintiff in error would not be advanced, because we must consider the irregularity, if it is one, as waived, by not having been excepted to in the county court. The party was present when the jury was directed to be summoned, and made no challenge, either to the array or to the polls, for this cause.   The verdict, if one had been rendered for the defendant, could not have been set aside for this reason, and would have been an effectual discharge of the cause of action, and we know of no reason why it should not be equally conclusive against him.

It is perfectly clear that the county court had jurisdiction of this action, and if irregularities or errors have intervened in the progress of the trial, and have not been excepted to, the uniform course of practice, is, to consider them as waived.   A contrary course would enable a party to fold his hands and rest perfectly secure, if the slightest error intervened; when, if he had objected to the erroneous course about to be pursued, it could have been corrected or obviated by the adverse party.

There is, in our opinion, no error shown in the record, and the judgment is affirmed.